Filing # 92185970 E-Filed 07/08/2019 02:28:39 PM

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR SAINT JOHNS COUNTY, FLORIDA

CASE NO.:

UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY a/s/o DAVID DANIEL, PATRICIA DANIEL and DANIEL REVOCABLE LIVING TRUST; DAVID WINSLOW; and LESLIE GRAYSON,

    Plaintiff,

vs.

ALAN M NAHMIAS,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY a/s/o DAVID DANIEL, PATRICIA DANIEL and DANIEL REVOCABLE LIVING TRUST (hereinafter referred to collectively as "Insureds Daniel"); DAVID WINSLOW (hereinafter referred to as "Insured Winslow"); and LESLIE GRAYSON (hereinafter referred to as "Insured Grayson") (hereinafter collectively referred to as "Plaintiff's Insureds") by and through the undersigned attorneys, and sues Defendant, ALAN M NAHMIAS (hereinafter referred to as "Defendant"), and alleges as follows:

  1.  That this is an action for damages in the amount of $164,828.46, exclusive of costs and pre-judgment interest.

  2.  At all times material to this cause, the Plaintiff has had its principal place of business in Broward County, Florida, is a licensed insurer in the State of Florida, and sues by virtue of contractual subrogation.

  3.  At all times material hereto, Defendant was and is over the age of 18 years, a natural

FL15-0111437 FL15-0111390 FL15-0111349

person residing in the county in which suit has been filed, and otherwise sui juris. To the best of the undersigned's knowledge and belief, the Defendant is not in the military service of the United States nor that of any of its allies.

4. At all times material hereto, Plaintiff's Insureds Daniel owned a residence located at 100 Boardwalk Dr., Unit 826, Ponte Vedra Beach, Saint Johns County, Florida (hereinafter referred to as one of "Plaintiff's Insureds' Properties").

5. At all times material hereto, Plaintiff's Insured Winslow owned a residence located at 100 Boardwalk Dr., Unit 835, Ponte Vedra Beach, Saint Johns County, Florida (hereinafter referred to as one of "Plaintiff's Insureds' Properties").

6. At all times material hereto, Plaintiff's Insured Grayson owned a residence located at 100 Boardwalk Dr., Unit 833, Ponte Vedra Beach, Saint Johns County, Florida (hereinafter referred to as one of "Plaintiff's Insureds' Properties").

7. At all times material hereto, Defendant owned, maintained, possessed, and otherwise controlled the property located at 100 Boardwalk Dr., Unit 821, Ponte Vedra Beach, Saint Johns County, Florida (hereinafter referred to as "Defendant's Residence").

8. On or about July 13, 2015, a fire occurred in Defendant's Residence as the result of Defendant's tenant leaving a cigarette burning on the balcony of Defendant's Residence. As a result of the fire, flames, heat, smoke, and/or water caused property damages to Plaintiff's Insureds' Properties and their personal property located therein.

## COUNT I - NEGLIGENCE

Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 8 as though fully set forth herein and further alleges:

9. At all times material hereto, Defendant owed a duty to Plaintiff's insureds to not cause

any harm, damage, or loss to Plaintiff's Insureds' Properties or personal property.

10. On or about July 13, 2015, Defendant, or members of Defendant's family, unit occupants, tenants, guests, or invitees, breached Defendant's duty to Plaintiff's Insureds in one or more of the following ways: (a) by negligently and carelessly leaving a lit cigarette(s) unattended on the balcony of Defendant's Residence, allowing said cigarette to cause a fire to start; (b) by failing to have and/or use adequate fire suppression equipment at Defendant's Property to extinguish fires; (c) by failing to diligently notice and extinguish the fire in a timely fashion; and/or (d) by failing to comply with all manufacturer warnings, guidelines, instructions, and directions when using a cigarette(s).

11. As a direct and proximate result of Defendant's or members of Defendant's family, unit occupants, tenants, guests, or invitees negligent acts and/or omissions, a fire started in Defendant's Residence causing flames, heat, smoke, and/or water damage to Plaintiff's Insureds' Properties and personal property therein.

12. Plaintiff issued a policy of insurance covering insureds, DAVID DANIEL, PATRICIA DANIEL and DANIEL REVOCABLE LIVING TRUST, for the property at issue. *See* Homeowners Declarations, attached hereto and incorporated herein as Exhibit "A."[1]

13. Pursuant to said policy of insurance, Plaintiff paid to or on behalf of the insureds, additional insured(s), or omnibus insured(s) the sum of $53,065.21 for property damage/loss. Under the terms of the policy of insurance and as a result of its payment, Plaintiff is subrogated to the rights of its insureds Daniel.

14. Plaintiff's insureds Daniel paid a $1,000.00 deductible for which the Defendant is liable and for which Plaintiff sues by virtue of a constructive trust.

---

[1] A full copy of the policy of insurance is available upon request and is incorporated herein.

15. Plaintiff issued a policy of insurance covering insured, DAVID WINSLOW, for the property at issue. *See* Homeowners Declarations, attached hereto and incorporated herein as Exhibit "A."[2]

16. Pursuant to said policy of insurance, Plaintiff paid to or on behalf of the insured, additional insured(s), or omnibus insured(s) the sum of $53,252.50 for property damage/loss. Under the terms of the policy of insurance and as a result of its payment, Plaintiff is subrogated to the rights of its insured Winslow.

17. Plaintiff's insured Winslow paid a $1,000.00 deductible for which the Defendant is liable and for which Plaintiff sues by virtue of a constructive trust.

18. Plaintiff issued a policy of insurance covering insured, LESLIE GRAYSON, for the property at issue. *See* Homeowners Declarations, attached hereto and incorporated herein as Exhibit "A."[3]

19. Pursuant to said policy of insurance, Plaintiff paid to or on behalf of the insured, additional insured(s), or omnibus insured(s) the sum of $55,510.75 for property damage/loss. Under the terms of the policy of insurance and as a result of its payment, Plaintiff is subrogated to the rights of its insured Grayson.

20. Plaintiff's insured Grayson paid a $1,000.00 deductible for which the Defendant is liable and for which Plaintiff sues by virtue of a constructive trust.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

---

[2] A full copy of the policy of insurance is available upon request and is incorporated herein.
[3] A full copy of the policy of insurance is available upon request and is incorporated herein.

WHEREFORE, the Plaintiff, UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY as subrogee of DAVID DANIEL, PATRICIA DANIEL and DANIEL REVOCABLE LIVING TRUST; DAVID WINSLOW, and LESLIE GRAYSON demands judgment for damages against the Defendant, ALAN M NAHMIAS, in the sum of $164,828.46, together with costs and pre-judgment interest (calculated from the date Plaintiff made payment to or on behalf of the insureds), and any other relief this Honorable Court may deem just and equitable.

DATED 7/8/2019

By: /s/ Jourdan Weltman
Alyson Holob, Esq.         FBN.: 16619
Jonathan Martenak, Esq.    FBN: 117827
Jacqueline N. Brown, Esq.  FBN: 59697
Jourdan Weltman, Esq.      FBN: 106789
1110 West Commercial Blvd.
Fort Lauderdale, Florida 33309
Email: subrogationservice@universalproperty.com
Telephone: (954) 958-1200
*Attorneys for Plaintiff*
*Universal Property & Casualty Insurance Co.*